STEPHEN J. DUGGAN, ESQ. (SBN 153817)
LAW OFFFICES
640 HEALDSBURG AVE.
HEALDSBURG, CA  95448
707-473-2800
707-473-2801 (Fax)
stephenjduggan@comcast.net

Attorney for Plaintiff Judith Spaletta

E-filing

UNITED STATES DISTRICT COURT

NORTHERN CALIFORNIA DISTRICT

SAN FRANCISCO DIVISION

JUDITH SPALETTA,

    Plaintiff,

vs.

JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES

    Defendant.

Case No. CV 08 2323

COMPLAINT FOR RELIEF FOR GENDER DISCRIMINATION AND HARASSMENT, AGE DISCRIMINATION AND HARASSMENT, DISABILITY DISCRIMINATION AND HARASSMENT, AND RETALIATION FOR PROTESTING ILLEGAL DISCRIMINATION AND HARASSMENT

(DEMAND FOR JURY TRIAL)

BY FAX

Plaintiff JUDITH SPALETTA complains as follows:

1.    Plaintiff is, and was at all times material hereto, employed by Defendant in Ukiah, California, as a Rural Route Mail Carrier.

2.    Plaintiff is female.

3.    She is 63 years of age.

4.    She is, and at all times material hereto had been, disabled within the meaning of the Americans with Disabilities Act and/or The Rehabilitation Act of 1973 due to her medical condition of immune system disorder which makes her particularly susceptible to environmental toxins and chemicals. Her symptoms when exposed to such, include difficulty

COMPLAINT FOR DAMAGES    1

breathing, pain, sleep disruption, mental and emotional problems substantially impairing major life activities. This condition was at all times material hereto known to Defendant.

5. She filed a lawsuit alleging discrimination on the basis of age and disability in about 1995. That case was settled by the Parties hereto in about 2002.

6. During the relevant time frame of this Complaint, Don Moore ("Moore") was Plaintiff's supervisor. The postmaster of the facility out of which she worked was Robert Mitchell ("Mitchell"). Rick Smith was the Kelseyville Postmaster.

7. Since settling her prior EEO lawsuit, Plaintiff has been subjected to a hostile environment at work from her supervisor, both postmasters, and her union steward, who was a fellow rural carrier. At various times and on an ongoing basis, she has been treated rudely at meetings, referred to only by her rural route number, deliberately ignored by her union steward, and spoken harshly to and about.

8. In February and March 2007, management began working with the union steward on "adjusting" Plaintiff's rural route. The plan ultimately was to take away the majority of her route and moving it to Hopland.

9. In early April 2007, Plaintiff was informed that she would have to choose between staying with Rural Route 1 and moving to Hopland, or taking the rural route of whichever of the four less senior carriers bid on rural route 1.

10. However, as management and the union steward well knew, if Plaintiff elected to stay with Rural Route 1, she would have to work 12 days per two-week pay period (more days than the other rural routes or on her old route), and take a substantial cut in pay. The move also would have required her to again take on the McNab route, which had been removed from her route before in 1995 as an accommodation to her disability. Management knew this as well.

11. Plaintiff's only other option was to reject the route, and take the route of whoever moved to rural route 1.

COMPLAINT FOR DAMAGES                                2

12. On April 2, 2007, she was confronted by management and ordered to make her choice right then and there. Smith, Mitchell and Moore were all angry with her. Smith, who was part of the "adjustment" team, told her that he was "pissed off" that he had to come in again. She was told she "could not leave the office" to deliver her route until she stated her decision. Eventually, after some time passed during which they continued to berate her, she was allowed to leave without making a decision.

13. She was ordered to return by 10:15 a.m. on April 3, 2007, and state her decision. She attempted to use the union to help her with this situation, but got no help.

14. On April 3, 2007, she brought in paperwork regarding the route, and told Moore she was not going to make the decision for them. Moore again became very angry and hostile towards her. He said that if she filed any legal action about the adjustment, he would "personally come after her." Not knowing what he meant, Plaintiff was put in fear of her personal safety, as well as her career.

15. Rural Route 1 was given to another carrier, the most senior one to bid on it, and Plaintiff was reassigned to Rural Route 3.

16. The adjustment and reassignments were originally scheduled to take effect on June 9, 2007. However, that date was continued to September 29, 2007.

17. Moore continued to display anger towards Plaintiff and to treat her in a hostile manner because of her opposition to the rural route adjustments.

18. Despite his threat, Plaintiff filed a formal complaint of discrimination and harassment in June 2007.

19. Shortly thereafter, she contacted Moore to cancel some leave she had scheduled for July 23, 2007. He refused to let her cancel the leave, saying that another carrier "wanted" to carry her route.

20. In August 2007, Plaintiff asked for copies of documents for her EEO complaint. That request was denied, unless she paid for the copies herself. Plaintiff believed that her request was reasonably necessary to the processing of her formal EEO complaint, and that she

COMPLAINT FOR DAMAGES                              3

1  should not be charged for those copies. Mitchell formally denied her request by letter dated
2  August 17, 2007.
3      21.    Shortly thereafter, Plaintiff requested training on her new route prior to
4  September 29, 2007, the new start date for her new route. However, despite the fact that the
5  rural carrier contract allowed for training and three days to become familiar with a new route,
6  her request was denied by Moore and Mitchell. She was forced to start the route with no
7  training or period of transition. As a result, the first two weeks required her to work extra
8  hours each day because she was not familiar with her route. Defendant denied her request for
9  extra pay for these hours.
10     22.    Plaintiff timely filed informal complaints of age, disability, and gender
11 discrimination and harassment regarding all the above.
12     23.    Plaintiff timely filed her formal complaint on June 26, 2007, and later amended
13 the complaint to include the later events listed above.
14     24.    After its investigation, Defendant issued its final agency decisions denying that
15 complaint on February 6, 2008. Plaintiff received the decision on about February 8, 2008.

16                          FIRST CAUSE OF ACTION
17                       (Violation of 42 U.S.C. § 2000e, *et seq.*))

18     25.    Plaintiff incorporates herein by this reference Fact Numbers 1 through 24,
19 above, and brings this cause of action against Defendant.
20     26.    Plaintiff alleges, based on the facts above, that Defendant in taking such actions,
21 was motivated at least in part by her gender.
22     27.    Therefore, as set forth above, Defendant violated 42 U.S.C. § 2003, *et seq*, by
23 discriminating against her on the basis of her gender and her prior complaints of discrimination
24 and harassment, and in retaliation for pursuing remedies under federal law.
25     28.    Defendants further violated this statute in that they were motivated at least in
26 part in taking the above alleged actions by Plaintiff's complaints on behalf of herself and others
27 that Defendant had violated each of the above named statutes,.
28

COMPLAINT FOR DAMAGES                        4

29. Plaintiff has lost pay and benefits, and will continue to do so. Plaintiff has also suffered emotional distress.

### SECOND CAUSE OF ACTION

(Violation of 29 U.S.C. § 621, *et seq.*))

30. Plaintiff incorporates herein by this reference Fact Numbers 1 through 24, above, and brings this cause of action against Defendant.

31. Plaintiff alleges, based on the facts above, that Defendant in taking such actions, was motivated at least in part by her age.

32. Therefore, as set forth above, Defendant violated 29 U.S.C. § 621, *et seq*, by discriminating against her on the basis of her age, by harassing her on the basis of her age, and her prior complaints of discrimination and harassment, and in retaliation for pursuing her legal remedies.

33. Defendants further violated this statute in that they were motivated at least in part in taking the above alleged actions by Plaintiff's complaints on behalf of herself and others that Defendant had violated each of the above named statutes.

34. Plaintiff has lost pay and benefits, and will continue to do so. Plaintiff has also suffered emotional distress.

### THIRD CAUSE OF ACTION

(Violation of 29 U.S.C. § 791, *et seq.*))

35. Plaintiff incorporates herein by this reference Fact Numbers 1 through 24, above, and brings this cause of action against Defendant.

36. Plaintiff alleges, based on the facts above, that Defendant in taking such actions, was motivated at least in part by her disability, and refused to provide a reasonable accommodation for that disability.

37. Therefore, as set forth above, Defendant violated 29 U.S.C. § 791, *et seq*, by discriminating against her on the basis of her disability, by harassing her on the basis of her

COMPLAINT FOR DAMAGES                              5

1 disability, and her prior complaints of discrimination and harassment, and in retaliation for
2 pursuing remedies under federal law.
3     38.    Defendants further violated this statute in that they were motivated at least in
4 part in taking the above alleged actions by Plaintiff's complaints on behalf of herself and others
5 that Defendant had violated each of the above named statutes,.
6     39.    Plaintiff has lost pay and benefits, and will continue to do so. Plaintiff has also
7 suffered emotional distress.
8     WHEREFORE, Plaintiff prays for judgment as set forth below.

## JURISDICTIONAL STATEMENT

This court has jurisdiction of this matter under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3); 29 U.S.C. §§621, *et seq*, and 791, *et seq*. Venue is appropriate in this court as Plaintiff's employment records are maintained in this District.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant:

1. For economic damages according to proof, including but not limited to lost earnings and other employee benefits, past and future;
2. For other compensatory and punitive damages in the amount of $300,000.00
3. For attorney fees and costs;
4. For such other and further relief as the court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on her claims.

Dated: May 5, 2008

By: /s/ [signature]

STEPHEN J. DUGGAN

Attorney for Plaintiff Judith Spaletta

COMPLAINT FOR DAMAGES                    6

# CIVIL COVER SHEET

JS 44 (Rev. 12/07) (cand rev 1-16-08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
JUDITH SPALETTA

## DEFENDANTS
JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES

(b) County of Residence of First Listed Plaintiff MENDOCINO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Stephen J. Duggan
640 Healdsburg Avenue
Healdsburg, CA 95448
707-473-2800

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [X] 2  U.S. Government Defendant
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury— Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 650 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | | FEDERAL TAX SUITS | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus - Alien Detainee | | |
| | | | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e; 29 U.S.C. 621; 29 U.S.C. 791
Brief description of cause:
Gender, age and disability discrimination, harassment and retaliation against Postal employee

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 300,000.00    CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)    [X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE
May 5, 2008

SIGNATURE OF ATTORNEY OF RECORD