JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    Facsimile: (415) 436-6748
    jennifer.s.wang@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUDITH SPALETTA, <br><br> Plaintiff, <br><br> v. <br><br> JOHN E. POTTER, POSTMASTER GENERAL OF THE UNITED STATES <br><br> Defendant. | No. 08-2323 CW <br><br> **DEFENDANT'S ANSWER** |

    For his Answer to Plaintiff's Complaint, Defendant John E. Potter admits, denies, and alleges as follows:

    1. Defendant admits that plaintiff is employed by the United States Postal Service as a Rural Route Mail Carrier in Ukiah, California. Except as expressly admitted, defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 1, and on that basis, denies those allegations.

    2. Defendant admits that plaintiff is female.

    3. Defendant admits that plaintiff is 63 years of age.

    4. Defendant denies the allegations of paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis, denies them.

6. Defendant admits that Don Moore has served as plaintiff's supervisor and that Rick Smith has served as the Kelseyville postmaster. Except as expressly admitted, defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 6, and on that basis, denies those allegations.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and on that basis, denies them.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and on that basis, denies them.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16, and on that basis, denies them.

17. Defendant denies the allegations of paragraph 17.

18. Defendant admits that plaintiff filed a EEO complaint in June 2007. Except as expressly admitted, defendant denies all remaining allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and on that basis, denies them.

21. Defendant denies the allegations of paragraph 21.

DEF.'S ANSWER
C 08-2323 CW                                             2

22. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22, and on that basis, denies them.

23. Defendant admits that plaintiff filed an EEO complaint on June 26, 2007. Except as expressly admitted, defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 23, and on that basis, denies those allegations.

24. Defendant admits that a final agency decision regarding one of plaintiff's EEO cases was dated February 6, 2008. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 24, and on that basis, denies those allegations.

FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. § 2000e, *et seq.*).

25. Defendant incorporates his responses to paragraphs 1 through 24 above, and incorporates each response therein as though fully set forth herein.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies the allegations of paragraph 27.

28. Defendant denies the allegations of paragraph 28.

29. Defendant denies the allegations of paragraph 29

SECOND CAUSE OF ACTION

(Violation of 29 U.S.C. § 621, *et seq.*)

30. Defendant incorporates his responses to paragraphs 1 through 29 above, and incorporates each response therein as though fully set forth herein.

31. Defendant denies the allegations of paragraph 31.

32. Defendant denies the allegations of paragraph 32.

33. Defendant denies the allegations of paragraph 33.

34. Defendant denies the allegations of paragraph 34.

THIRD CAUSE OF ACTION

(Violation of 29 U.S.C. § 791, *et seq.*)

35. Defendant incorporates his responses to paragraphs 1 through 34 above, and incorporates each response therein as though fully set forth herein.

36. Defendant denies the allegations of paragraph 36.

37. Defendant denies the allegations of paragraph 37.

38. Defendant denies the allegations of paragraph 38.

39. Defendant denies the allegations of paragraph 39.

The remaining allegations of the Complaint constitute jurisdictional allegations, plaintiff's prayer for relief, and plaintiff's jury demand to which no response is required. However, defendant denies that plaintiff is entitled to the relief requested or any relief whatsoever. Defendant further denies each and every allegation of the complaint that has not been admitted, denied, or otherwise qualified.

AND FURTHER answering, defendant avers:

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This court is without subject matter jurisdiction over some or all of plaintiff's claims.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent she failed to exhaust all administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

The complaint and each claim asserted therein fail to state a cause of action upon which relief can be granted.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint includes damages claims that are not permitted under controlling law.

### FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff seeks relief for alleged conduct occurring more than the

prescribed number of days within which she was required to file an administrative complaint, such claims are barred.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish a prima facie case of discrimination, harassment and/or retaliation.

### SEVENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred by applicable regulations and statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant did not take any adverse employment actions against plaintiff which were motivated by discriminatory or retaliatory animus.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff may obtain no relief because all actions being challenged by plaintiff were taken for legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.

### TENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred because defendant had good cause for his conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

Any and all conduct of which plaintiff complains or which is attributable to defendant was a just and proper exercise of management discretion undertaken in good faith, for a fair and honest reason other than plaintiff's sex, age, disability or any prior complaints.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because similarly situated employees outside her protected class were not treated more favorably than she was.

### THIRTEENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred to the extent she waived her right to recover.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is equitably estopped from asserting claims against defendant because she has induced, caused, and/or contributed to the alleged conduct of which she now complains.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she unreasonably delayed.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred to the extent she failed to mitigate her alleged damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff may recover only those damages allowed under the law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is barred by the doctrine of unclean hands, laches, and estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

Each of plaintiff's claims is barred to the extent she ratified and/or consented to any conduct of which she complains.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant is entitled to a set-off against any award of damages to plaintiff of any outstanding debt or obligation of plaintiff to the Postal Service or any federal agency, any worker's compensation, unemployment or disability benefits, any benefits under the benefit plans of the Postal Service or others, and any benefits from any federal agency or federally-funded agency that plaintiff receives or has received for injuries or damages alleged in the complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff knew or should have known her claims are without reasonable basis in law and equity and cannot be supported by a good faith argument for extension, modification, or reversal of existing law.  Defendant is therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Even if plaintiff could establish liability (which defendant denies), defendant cannot be held liable because defendant exercised reasonable care to prevent and correct promptly any

discriminatory conduct, and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant, or to otherwise avoid harm.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not disabled within the meaning of the Rehabilitation Act or substantially limited in a major life activity.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff was not otherwise qualified for the position she held.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant reasonably accommodated plaintiff's claimed condition.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from proceeding with this action because she elected another remedy and such election bars this action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that they were the subject of previous litigation in which judgment was granted against plaintiff.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot demonstrate some of the actions alleged were adverse.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to amend this answer to assert any other defenses in law or equity that may become apparent through the course of discovery.

WHEREFORE, defendant prays as follows:

1. That plaintiff take nothing by way of his complaint, and that the complaint be dismissed with prejudice;

2. For costs of suit and reasonable attorneys' fees incurred herein; and

///

///

///

DEF.'S ANSWER
C 08-2323 CW                              7

3.  For such other relief the Court deems proper.

DATED: August 7, 2008

Respectfully submitted,
JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
JENNIFER S WANG
Assistant United States Attorney