JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JENNIFER S WANG (CSBN 233155)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6967
    FAX: (415) 436-6748
    jennifer.s.wang@usdoj.gov

Attorneys for Defendant


STEPHEN DUGGAN, Esq. (SBN 153817)
Law Offices
250 Healdsburg Ave., Ste 201
Healdsburg, CA 95448
707-473-2800
707-473-2801 (Fax)
stephenjduggan@comcast.net

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| JUDITH SPALETTA, | ) | No. 08-2323 CW |
| | ) | |
| Plaintiff, | ) | **STIPULATION AND AGREEMENT OF** |
| | ) | **COMPROMISE AND  SETTLEMENT;** |
| v. | ) | **ORDER** |
| | ) | |
| JOHN E.  POTTER, POSTMASTER | ) | |
| GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff JUDITH

SPALETTA ("Plaintiff") and defendant JOHN E. POTTER, POSTMASTER GENERAL OF

THE UNITED STATES (hereinafter "Defendant" or "Agency" ), by and through their

undersigned counsel, as follows:

    1.    The parties do hereby agree to settle, compromise, and dismiss *Judith Spaletta v.*

*John E. Potter, Postmaster General of the United States*, United States District Court for the Northern District of California, Case Number C 08-02323 CW ("This Action"), under the terms and conditions set forth herein.

2.     The Agency agrees to issue a written statement to all rural route letter carriers at the Ukiah Post Office stating that provisions in the Employee & Labor Relations Manual ("ELM") and the Agreement between the United States Postal Service and the Rural Letter Carriers' Association regarding Annual Leave will be applied equally to all rural route letter carriers in the Ukiah Post Office.

3.     The Agency agrees to remove the Letter of Warning dated September 12, 2008 from Plaintiff's Official Personnel File ("OPF").

4.     The Agency agrees to waive any and all rights to seek repayment from Plaintiff of any overpayment made to Plaintiff arising out of the Agency's November 2008 route adjustment at the Ukiah Post Office.

5.     Plaintiff and her heirs, executors, administrators, assigns and attorneys hereby agree to accept said Agency actions, in full and final settlement and satisfaction of all of the claims raised in This Action or that could be raised in This Action under the terms and conditions set forth herein.

6.     It is also agreed, by and among the parties, that neither Plaintiff nor any of her attorneys may make any claim for attorney's fees or other costs against Defendant, the United States, their agents, servants, or employees.  It is also agreed, by and among the parties, that the respective parties will bear their own costs, fees, and expenses and that any attorney's fees owed by Plaintiff will be paid by solely by Plaintiff and not by Defendant.

7.     In consideration of the Agency actions as set forth above, Plaintiff agrees that she will execute immediately upon execution of this Agreement, a Stipulation of Dismissal with Prejudice pursuant to Federal Rule of Civil Procedure 41, which stipulation shall dismiss, with prejudice, all claims asserted in This Action or any claims that could have been asserted in This Action.  The fully executed Stipulation of Dismissal will be held by counsel for Defendant, will

1  be filed with the Court upon completion of all actions set forth above, and will be filed with the

2  Court no sooner than 10 calendar days after the full execution of this Agreement.

3      8.      In consideration of the Agency actions set forth above, Plaintiff and her heirs,

4  administrators, successors or assigns hereby release and forever discharge Defendant, and any

5  and all of its past and present officials, directors, employees, agents, attorneys, successors, and

6  assigns, either in their official or individual capacities, from any and all obligations, damages,

7  liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether

8  suspected or unsuspected, arising in law or equity, known or unknown, which Plaintiff may have

9  had, may now have, or may hereafter have arising out of or in connection with any event

10  occurring prior to the date of this Agreement, including but not limited to, any alleged violation

11  of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Rehabilitation Act

12  of 1973, the Family and Medical Leave Act of 1993, the Age Discrimination in Employment Act

13  of 1967; any other claim relating to plaintiff's employment with the Agency; and any and all

14  claims that could have been asserted in This Action.  The parties agree that this Agreement does

15  and will not affect Plaintiff's entitlement, if any, to Office of Worker's Compensation Program

16  benefits.  This Agreement further does not apply to, nor does Plaintiff waive, payment for

17  steward time, if any, that she has accumulated prior to the date this Agreement is executed for

18  which she has not been paid assuming that Plaintiff has followed United States Postal Service

19  procedures regarding any claim for payment.  This Agreement further does not waive Plaintiff's

20  right to be paid mileage for express mail delivered, if any, prior to the date this Agreement is

21  executed assuming that Plaintiff has followed United States Postal Service procedures regarding

22  any claim for payment.

23      9.      The parties agree that this Agreement is not intended to waive Plaintiff's ability,

24  in her capacity as a Shop Steward, to file any timely grievance on behalf of her Union against the

25  United States Postal Service regarding any grievance settlement entered into to add  to each

26  route 30 minutes for "withdrawal" and 5 minutes for "edit book time."

27      10.      In consideration of actions to be taken by the Agency set forth above, Plaintiff

28  further agrees that she may not and will not use or rely on the incidents and actions underlying

STIPULATION AND AGREEMENT OF COMPROMISE AND  SETTLEMENT; ORDER
08-02323 CW                              3

the Complaint or the EEO Complaints underlying This Action to prove any other claims against the Defendant, the United States, or its agencies and employees, in any other administrative proceeding, state court action or federal court action.

11.    The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in her favor at the time of executing the release, which if known by her must have materially affected her settlement with the debtor.

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by her attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights she may have pursuant to the provision of that statute and any similar provision of federal law.  Plaintiff understands that if the facts concerning Plaintiff's alleged injury and the liability of Defendant, or its directors, officers, agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by her to be true, this Agreement shall be and remain effective notwithstanding such material difference.

12.    The parties acknowledge that neither this Agreement nor anything contained herein shall constitute an admission of liability or fault on the part of Defendant or its directors, officers, agents, servants, or employees.  This Agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

13.    This Agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this Agreement.

14.    The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

15.    Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this Agreement and that they have had the contents of this Agreement fully explained by counsel and that they are fully aware

1  of and understand all of the terms of the Agreement and the legal consequences thereof.  It is

2  further acknowledged that the parties have mutually participated in the drafting of this

3  Agreement and it is agreed that no provision herein shall be construed against any party hereto

4  by virtue of the drafting of this Agreement.

5       16.    Plaintiff acknowledges that she has been given more than twenty-one (21)

6  calendar days within which to review and consider this Agreement.  Plaintiff further

7  acknowledges that she has been given a reasonable time within which to review and consider

8  this Agreement and represents that she is represented by counsel in this action, has conferred

9  with her attorney prior to executing this Settlement Agreement, has examined and understands

10  the provisions of 29 U.S.C. § 626(f)(1)(A-E), and that the requirements of those provisions are

11  fully met and satisfied in connection with this Agreement.

12       17.    If any provision of this Agreement shall be held invalid, illegal, or unenforceable,

13  the validity, legality, and enforceability of the remaining provisions shall not in any way be

14  affected or impaired thereby.

15       18.    This instrument shall constitute the entire agreement between the parties, and it is

16  expressly understood and agreed that this Agreement has been freely and voluntarily entered into

17  by the parties hereto with the advice of counsel, who have explained the legal effect of this

18  Agreement.  The parties further acknowledge that no warranties or representations have been

19  made on any subject other than as set forth in this Agreement.

20       19.    The parties agree that this Stipulation and Agreement of Compromise and

21  Settlement, including all the terms and conditions of this compromise settlement and any

22  additional agreements relating thereto, may be made public in their entirety, and Plaintiff

23  expressly consents to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

24       20.    The persons signing this Agreement warrant and represent that they possess full

25  authority to bind the persons on whose behalf they are signing to the terms of the settlement.

26  ///

27  ///

28  ///

21.    This Agreement may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

DATED: July 13, 2009                    By:___/s/_____
                                        JUDITH SPALETTA
                                        Plaintiff


DATED: June 26, 2009                    By:___/s/_____
                                        STEPHEN J. DUGGAN
                                        Attorney for Plaintiff

                                        JOSEPH P. RUSSONIELLO
                                        United States Attorney

DATED: July 17, 2009                    By:___/s/_____
                                        JENNIFER S WANG
                                        Assistant United States Attorney
                                        Attorneys for Defendant


**ORDER**

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**



              7/21/09

DATED: _____
                                        _____
                                        HONORABLE CLAUDIA WILKEN
                                        UNITED STATES DISTRICT JUDGE